

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable D. B. Barrow
Chief Examiner and Chief Clerk
Board of Insurance Commissioners
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-2988
Re: Section 12, Senate Bill 135, 46th Legislature - Mortuary or relief funds of mutual assessment life insurance companies may not be used to pay taxes.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"In your opinion dated February 26, 1938, and written by Honorable Richard Brooks, Assistant Attorney General, it was held that mutual assessment life insurance corporations operating under Article 4859f (House Bill 303) are subject to taxation under Article 7064a; and it was also held that the Mortuary and Expense Fund of such corporations are to bear the tax in the same proportion that they of the last ruling, of course, is that the Mortuary Fund of such corporations may legally pay a part of the premium tax.

"Your opinion is now requested whether or not the Mortuary or Relief Fund of mutual assessment associations (including mutual assessment life insurance corporations operating under Article 4859f) subject to Senate Bill 135, Acts of the Forty-sixth Legislature, may pay any part of the premium tax imposed by Article 7064a. In this connection, please refer to Section 12 of Senate Bill 135 which provides that only claims and to a limited extent the cost of defending contested claims 'and nothing else' may be paid from the Mortuary or Relief Fund."

Since the rendition of the Brooks' opinion, referred to in your letter, the 46th Legislature of Texas enacted Senate Bill 135, now codified as Article 5068-1, Vernon's Annotated Texas Civil Statutes. This act applies to the kind and character of insurance companies' named in the bill and is applicable to mutual assessment life insurance companies operating under Article 4859f, V.A.T.C.S., Section 12 of Article 5068-1 reads as follows:

"Sec. 12. Assessments when collected shall be divided into at least two (2) funds. One (1) of these shall be the mortuary or relief fund, by whatever name it may be called in the different associations, from which claims under certificates shall be paid, and to a limited extent the cost of defending contested claims, and nothing else; and the other funds shall be the expense funds from which expenses may be paid. At least sixty (60%) per cent of assessments collected, except the membership fee, must be placed in the mortuary or relief fund. The mortuary or relief funds may be invested only in such securities as are a legal investment for the reserve funds of stock life Insurance companies.

"Such association shall provide in its by-laws for the portion of its assessments to be allotted to the mortuary or relief fund and may provide for the payment out of said mortuary or relief fund of attorneys' fees and necessary expenses arising out of the defense, settlement, or payment of contested claims. Any such payments out of the mortuary or relief fund for other than claims shall be subject to approval of the Board of Insurance Commissioners.

"A separate record shall be kept of the mortuary or relief funds of each group, club, or class, and the mortuary or relief funds of one group, club, or class shall not be used to pay the claims or obligations of any other group, club, or class."

In view of the above quoted statute it is the opinion of this department that your question should be answered in the negative and it is so answered. That portion of the Brooks' opinion which holds to the contrary is hereby expressly overruled.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   Wm. J. Fanning
     Assistant

WJF:aw:ml

APPROVED JAN. 30, 1941
Gerald C. Mann
Attorney General of Texas